# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# at LONDON

**Civil Action No. 08-114-HRW**

**CANDY SMITH**,                                                    **PLAINTIFF,**

**v.**                    **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY,**              **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits.

The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for  disability insurance benefits and supplemental security income benefits on June 13, 2003, alleging disability beginning on June 10, 2003, due to seizure disorder, diabetes and chronic depression (Tr. 59-61, 70-73).

This application  was denied initially and on reconsideration.  On December 12, 2005, an administrative hearing was conducted by Administrative Law Judge Roger Reynolds (hereinafter "ALJ"), wherein Plaintiff  testified.  At the hearing, Jackie Reynolds, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is not disabled.

Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On February 3, 2006, the ALJ issued his decision finding that Plaintiff was

not disabled (Tr. 18-25).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since  the alleged onset date of disability (Tr. 24).

The ALJ then determined, at Step 2, that Plaintiff suffered from depression, obesity, impaired glucose tolerance and non-insulin dependent diabetes mellitus, which he found to be "severe" within the meaning of the Regulations (Tr. 24).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 24).

The ALJ further found that Plaintiff could not return to her past relevant work  but determined that she has the  residual functional capacity ("RFC") to perform medium, light and sedentary work with certain exceptions as set firth in the hearing decision (Tr. 24).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 23). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the

ALJ's decision as the final decision of the Commissioner on March 4, 2008 (Tr. 8-10).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.  Both parties have filed Motions for Summary Judgment [Docket Nos. 12 and 13] and this matter is ripe for decision.

### III.  ANALYSIS

### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that

4

would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.    Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) she is disabled pursuant to Grid Rule 201.10 and (2) the ALJ improperly disregarded the testimony of the VE.

### C.    Analysis of Contentions on Appeal

Plaintiff maintains that the ALJ should have found her disabled under the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2, also know as the "Grid." In particular, she contends she met the requirements for a determination of disability under Rule 201.10 of the Grid.

Grid Rule 201.10 directs that a person closely approaching advanced age (i.e., ages 50-54), with limited or less education, whose skills are not transferable, and who is limited to sedentary work, is considered disabled. 20 C.F.R. pt. 404, subpt. P, app. 2, Table 1, Rule 201.10.

The Court having reviewed the record finds that Grid Rule 201.10 is inapplicable to this matter.  First, Plaintiff was 37 years old at the time of the hearing decision (Tr. 59).  Thus, she was not "closely approaching advanced age",

as required by the Rule 201.10.

Further, Rule 201.10 applies only when a claimant is limited to sedentary work.  Here, the ALJ found that Plaintiff could perform a certain range of medium level work, thereby precluding the application of Rule 201.10.[1]

Plaintiff also argues that the ALJ disregarded the testimony of the VE.  Specifically, Plaintiff argues that the ALJ improperly rejected the VE's testimony when asked to assume that Plaintiff's testimony regarding her seizures was credible.   The VE testified that, *assuming*, Plaintiff's testimony was credible in this regard, Plaintiff would probably be unable to perform work activity (Tr. 737).

This circuit's long-standing rule is that the hypothetical question is proper where it accurately describes a claimant's functional limitations.  *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987).  This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible.  *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

As Defendant points out, the ALJ did not "disregard" this portion of the

---

[1]   Plaintiff argues that the opinion of Dr. James Templin places her in the sedentary work table.  However the transcript pages cited by Plaintiff in this regard do not reflect an opinion by Dr. Templin, but, rather refer to a pathology report by Dr. George Bean.   Further, there are no records from Dr. Templin in the record of this case.

VEs' testimony, but disagreed with the hypothetical upon which it was based.

The ALJ found that the medical evidence of record did not comport with Plaintiff's

subjective complaints regarding her seizures.   For example, the ALJ noted that her

level of seizure medication was often sub-therapeutic (Tr. 23, 360).  In addition,

Dr. Islam, a treating source reported that contrary to Plaintiff's complaints of

seizures, tests, including EEG, MRI and cat scans, for the same were negative (Tr.

323).  Indeed, in November 2004, Plaintiff reported no recent seizures (Tr. 573).

Clearly, substantial evidence supports the ALJ's finding that Plaintiff's reports of

seizures were not entirely credible.

The hypothetical in question included limitations which were, as discussed

above, not based upon credible, objective  medical evidence.  Therefore, the ALJ

did not err is disregarding the same.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence

on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's

Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for

Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously

herewith.

This February 13, 2009.



Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**